# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2020

Lyle W. Cayce
Clerk

No. 19-50116
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-157-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Gabriel Mendoza appeals the 24-month and 60-month prison terms imposed following the revocation of his supervised release. He contends that the above-guidelines sentences are procedurally unreasonable.

This argument was not raised in the district court, and we will review it only for plain error. *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). To prevail on plain error review, Mendoza must show a forfeited error

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50116

that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Mendoza makes such a showing, this court has the discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 135 (internal quotation marks, brackets, and citation omitted).

Mendoza's contention that the district court procedurally erred by failing to adequately explain its sentences is contradicted by the record.  Mendoza asked for within-guidelines sentences, and the Government emphasized Mendoza's substantial history of noncompliance with the conditions of supervised release.  Just before imposing Mendoza's sentences, the district court stated that it was taking that substantial history into account.  Although the district court did not expressly discuss the relevant 18 U.S.C. § 3553(a) factors, the record indicates that it considered them, and in any event, "implicit consideration of the § 3553 factors is generally sufficient," *Kippers*, 685 F.3d at 498 (internal quotation marks, brackets, and citation omitted).  Thus, Mendoza has failed to show clear or obvious error.  *See Puckett*, 556 U.S. at 135.  Further, he has not shown that any deficiency in the explanation affected his substantial rights, as he has not shown that a more detailed explanation would have resulted in lower sentences.  *See United States v. Whitelaw*, 580 F.3d 256, 264-65 (5th Cir. 2009).

AFFIRMED.